UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANIEL J. RILEY, )<br>    Petitioner )<br> )<br>v. )<br> )<br> ) Civil No. 1:08-cv-73-GZS<br>STAFFORD COUNTY )<br>DEPARTMENT OF )<br>CORRECTIONS, )<br>SUPERINTENDENT, )<br>    Respondent )<br> )<br>UNITED STATES OF AMERICA, )<br>    Intervenor )<br> ) | |

## RECOMMENDED DECISION ON PETITION FOR HABEAS COURPUS

Daniel Riley, a federal pretrial detainee in a New Hampshire facility, commenced an action in the New Hampshire Stafford County Superior Court styled as a Request for Writ of Habeas Corpus. Because Riley is a federal detainee the United States petitioned to intervene in that action and the New Hampshire Supreme Court granted that motion. The United States then removed the proceeding to the United States District Court for the District of New Hampshire. All the New Hampshire District Court judges having recused themselves from presiding over this matter, the case has been assigned to Chief Judge George Z. Singal of the District of Maine, who has referred the matter to me for a recommended decision. I now recommend the court deny the petition.

*Discussion*

*Riley's Motion to Grant a Writ of Habeas Corpus*

In his "Motion to Grant a Writ of Habeas Corpus and Liberty to the Appellant" Riley contends that he is entitled to release from his federal detention on a theory that "the United States is unlawfully operating outside of its limited jurisdiction granted to it by the U.S. Constitution and the State of New Hampshire." (Mot. Writ Habeas Corpus at 1, Docket No. 1, Ex. A.)  He explains that on September 12, 2007, he was captured at gunpoint by federal agents at his home in Cohoes, NY.  (Id.)  He was later transferred to New Hampshire and arraigned in federal court on charges of accessory after the fact, conspiracy to impede or injure an officer of the United States, possession and use of a firearm in relation to a crime of violence, and conspiracy to commit offenses against the U.S.   (Id. at 1-2 & Ex. 5.)[1]

It is Riley's contention that under the Tenth Amendment of the United States Constitution "all powers granted to the feds derive from the states and not visa versa." (Id.)  Riley believes that the United States cannot hold him on federal charges in New Hampshire because it does not have jurisdiction over the federal courthouse at 55 Pleasant Street, Concord, New Hampshire, because it has not complied with the New Hampshire state law governing the acquisition of lands by the United States with respect to that property.  (Id. at 3-4 & Exs. 1,2,3, 4 & 6.)  "Since exclusive jurisdiction does not exist for the feds at their courthouse in Concord," Riley maintains, "state authority still exists, making this writ reviewable by a court of proper jurisdiction." (Id. at 5.)   He opines: "If the appellant were to file a Writ of Habeas Corpus with the Federal District Court in Concord, The Appellant would be filing to an unlawful venue to

---

[1] "The demands," Riley asserts," stem from the Ed Brown case out of Plainfield, New Hampshire.  Ed Brown and his wife Elaine, who were exercising their New Hampshire Constitution Article 10 right to revolution, were peacefully captured, on October 4, 2007."  (Id. at 2.)

hear the writ.  This leaves the New Hampshire Courts as the only legal venue to hear the appellant's writ."  (Id.)

*The Petition to Intervene and the Removal to the Federal District Court*

In its petition to intervene filed with the New Hampshire Supreme Court the United States argued that it was entitled to intervene "as the real party in interest."  (Pet. Intervene at 1, Docket No. 1 Ex. B.)  In that petition the United States argued that the New Hampshire Court had "no jurisdiction over a federal prisoner's request for a writ of habeas corpus."  (Id. at 2.)  It further stressed:  "The Executive Branch of the State of New Hampshire, through the Office of the Attorney General, has advised this Court that it does not view the State as a party to Riley's instant petition and that the State has no interest in the matter."  (Id. at 3.)  The United States assured the New Hampshire Supreme Court that if the petition was granted it would promptly seek removal to the United States District Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446 "in order to have these fundamental issues of federal jurisdiction resolved in the federal court." (Id.)   The New Hampshire Supreme Court granted the petition to intervene.  (Docket No. 1 Ex. C.)

> Section 1442 of title 28 provides as relevant:
>
> **(a)** A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> > **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C.A. § 1442 (a)(1).  Section 1447(c) of title 28 allowed Riley thirty days from the February 27, 2008, filing of the notice of removal to move to remand the matter if he questioned

the federal district court's subject matter jurisdiction. Riley did not file a timely motion for remand.

*The First Circuit Court of Appeals' Decision on Riley's Petition for Writ of Mandamus*

With respect to his challenge to the United States' ability to prosecute him in the District Court of New Hampshire, Riley has already raised a jurisdictional challenge via a petition for writ of mandamus docketed with the First Circuit Court of Appeals on January 11, 2008. In a January 31, 2008, judgment, the Panel reasoned:

> Federal district courts have jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231; United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting argument that federal criminal jurisdiction extends only to the District of Columbia, United States territorial possession and ceded territories), and the offenses with which petitioner is charged do not require that the offense take place on property owned by the federal government. As there is no merit to petitioner's jurisdictional arguments or claim of improper venue, the petition for writ of mandamus is denied.

In re: Daniel Riley, No. 08-1077, Jan. 31, 2001, Judgment (1st Cir. Jan. 31, 2008). On March 11, 2008, the First Circuit denied Riley re-hearing en banc and rehearing before the original panel. Id. Mar. 11, 2008, Order (1st Cir. Mar. 11, 2008).

The First Circuit ruling on the jurisdictional question raised by Riley forecloses any other outcome apropos this removed habeas motion. I recommend that the Court deny Riley habeas relief and dismiss this action.

NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 29, 2008.             /s/Margaret J. Kravchuk
                    U.S. Magistrate Judge